UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| CLAUDIA C. HOERIG, | ) | CASE NO.  4:18CV2181 |
|---|---|---|
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | |
| | ) ) | MEMORANDUM OF OPINION AND ORDER |
| PAUL MONROE, | ) ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Claudia Hoerig's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the State of Ohio has violated her right to a speedy trial and requests that the charges against her be dismissed.

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Hoerig is appearing *pro se*, her petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit.

As a pretrial detainee, Hoerig is permitted to file a § 2241 petition. *Atkins v. Michigan*,

644 F.2d 543, 546 n. 1 (6th Cir.1981). However, federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000). The relevant exception to this matter involves "certain speedy trial claims." *Id*. at 19. Federal courts distinguish between relief which would dismiss a state court case on speedy trial grounds, as Hoerig requests here, and an order requiring a prompt state trial. *Atkins*, 644 F.2d at 546. "In other words, a distinction is drawn between 'a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial.'" *Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D.Ohio 2011) (quoting *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987)).

A request to dismiss the charges before trial involves the comity considerations which underlie the doctrine of exhaustion. Such a petition is properly characterized as an "effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes," or "an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 493 (1973). As a result, exhaustion of state remedies is required to protect the state courts' opportunity to resolve constitutional issues and to limit federal interference in state judicial proceedings. *Atkins*, 644 F.2d at 546. These considerations are "especially forceful in a situation involving a speedy trial claim." *Id*. The state court may rule in the defendant's favor on her speedy trial motions, or a trial may lead to acquittal for the defendant.

Herein, while the state court has initially denied Hoerig's pretrial motion to dismiss, she has not yet proceeded to trial. Moreover, she has not had the opportunity to appeal to any level of Ohio's appellate system. Hoerig, therefore, has not exhausted her state remedies and therefore may not pursue dismissal of the state charges through this habeas petition.

*Conclusion*

Based on the foregoing, Petitioner's petition is DENIED and DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date: October 23, 2018                       */s/ John R. Adams*
                                           JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE